UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DEREK WACHOB,<br><br>Defendant. | **SEALED INDICTMENT**<br><br>25 Cr.<br><br>25 CRIM 508 |

**COUNT ONE**
**(Wire Fraud)**

The Grand Jury charges:

**Overview**

1. From at least in or about October 2022 through at least in or about August 2024, DEREK WACHOB, the defendant—the Chief Executive Officer of a large manufacturer of steel pipes based in Sapulpa, Oklahoma ("Company-1")—engaged in a scheme to defraud individual investors, a bank, an investment firm, and at least two steel pipe distributors (together, the "Victims") of at least approximately $66 million. To obtain money from each of the Victims, WACHOB lied and misled the Victims by, among other things, falsely claiming to offer purported business opportunities based on future steel purchases that WACHOB pledged to make. Instead of using the Victims' money as promised, WACHOB spent the funds to maintain his extravagant lifestyle of expensive cars, vacation homes, private jets, helicopters, and yachts, and to prop up Company-1, which was struggling financially and in debt.

2. For years, Company-1 was a successful business, and DEREK WACHOB, the defendant, presented himself as a "billionaire" who owned a private jet, two helicopters, million-dollar race boats, a compound and homes across the country. Beginning in or about 2022,

however, Company-1 began facing financial distress, eventually struggling to pay vendors and make payroll for its hundreds of employees. In or about May 2025, Company-1 filed for bankruptcy.

3. In the wake of Company-1's financial trouble, between in or about 2023 through 2024, DEREK WACHOB, the defendant, through misrepresentations and lies, sought and obtained more than $41 million from individual investors (the "Victim Investors"). WACHOB falsely represented to the Victim Investors, which included some of WACHOB's closest friends, that: he would invest their money to buy steel through another entity associated with WACHOB ("Company-2"); he would be a partner in the investment; he would leverage his connections to purchase the steel at a discount and quickly resell it; and there would be a guaranteed profit for the Victim Investors because Company-1 would purchase any steel that was not sold. In truth and in fact, WACHOB lied to and misled the Victim Investors, and misappropriated their money. To the extent WACHOB used any portion of the Victim Investors' funds to purchase steel, those purchases were inconsistent with the investment scheme WACHOB had represented to the Victim Investors and instead were used to increase Company-1's inventory or for other unauthorized purposes. WACHOB never paid the Victim Investors back, nor did the Victim Investors ever receive any return on their investment, as promised by WACHOB.

4. On or about January 10, 2024, after learning that Company-1's expenses were mounting, DEREK WACHOB, the defendant, reached out to a bank ("Victim Bank-1") based in Texas and requested a $10 million loan. WACHOB falsely represented to Victim Bank-1 that the loan proceeds would be used to purchase steel at a discounted price, promising that he would resell the steel for a large profit. WACHOB told Victim Bank-1 that he was facing time constraints to

purchase the steel and needed the money funded quickly. Based on these misrepresentations, on or about January 12, 2024, Victim Bank-1 extended Company-1 an approximately $10 million loan. In truth and in fact, WACHOB used Victim Bank-1's loan to pay off outstanding purchase orders, and not to purchase steel on the terms or for the purposes that WACHOB had falsely claimed.

5. On or about April 8, 2024, DEREK WACHOB, the defendant, learned that there was only approximately $3,000 in Company-1's bank accounts. Just two days later, on or about April 10, 2024, an investment firm ("Victim Investment Firm-1") extended an approximately $7.3 million loan to Company-2. WACHOB had falsely represented to Victim Investment Firm-1 that he would use the proceeds to purchase steel at a discount; under the terms of the loan agreement, Victim Investment Firm-1 would receive a portion of the profits from the subsequent sale of the steel. WACHOB misrepresented to Victim Investment Firm-1 that there was little risk because Company-1 would be a backstop, purchasing any steel that Company-2 could not resell. Neither WACHOB nor Company-2 used the $7.3 million loan from Victim Investment Firm-1 to purchase any steel, and neither WACHOB nor Company-2 ever paid back the loan from Victim Investment Firm-1.

6. In or about October 2022 and in or about December 2023, DEREK WACHOB, the defendant, defrauded two steel pipe distributors (the "Victim Distributors") of a combined sum of approximately $7.4 million. WACHOB falsely represented to the Victim Distributors that he would purchase steel at a discount and would, in turn, use that steel to manufacture pipes for the Victim Distributors. WACHOB never did so, instead largely using the money obtained from the Victim Distributors to replenish Company-1's bank accounts and pay business expenses.

7.       DEREK WACHOB, the defendant, repeatedly attempted to mislead the Victims of his scheme into believing that they had entered into legitimate business transactions and that the delay on the return on their investments was due to external causes instead of WACHOB's fraud.

## STATUTORY ALLEGATIONS

8.       From at least in or about October 2022 through at least in or about August 2024, in the Southern District of New York and elsewhere, DEREK WACHOB, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, for and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, WACHOB engaged in a scheme to defraud individual investors, lenders, an investment firm, and steel pipe distributors (*i.e.*, the Victims), soliciting at least approximately $66 million from the Victims by materially misrepresenting the specific purposes for which the Victims' funds would be used and the benefits for the Victims, and caused others to send and receive text messages and other electronic communications, to and from the Southern District of New York and elsewhere, in furtherance of that scheme.

(Title 18, United States Code, Sections 1343 and 2.)

## FORFEITURE ALLEGATIONS

9.       As a result of committing the wire fraud offense alleged in Count One of this Indictment, DEREK WACHOB, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all property, real and personal, which constitutes or is derived from proceeds traceable to

the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Assets Provision

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

*Jay Clayton*
JAY CLAYTON
United States Attorney